*Friday, September 28, 2001*

## MOTION DOCKET

98–1209.   State v. Sanders.

Hamilton App. No. C–960253. Upon consideration of the motion filed by counsel for appellant to stay the execution of sentence in the above-styled cause pending the timely filing of a petition for a writ of certiorari in the Supreme Court of the United States,

IT IS ORDERED that said motion be, and the same is hereby, granted.

IT IS FURTHER ORDERED that the compliance with the mandate and the execution of sentence be, and the same are hereby, stayed, pending the timely filing of the petition in the Supreme Court of the United States.

IT IS FURTHER ORDERED that if such petition is timely filed, this stay shall continue for an indefinite period pending final disposition of this cause by the Supreme Court of the United States.

98–2449.   State v. Issa.

Hamilton C.P. No. B9709438. Upon consideration of the motion filed by counsel for appellant to stay execution in the above-styled cause pending the exhaustion of state post-conviction remedies, and it appearing from the exhibits to the motion that post-conviction proceedings are pending,

IT IS ORDERED by the court that said motion be, and the same is hereby, granted.

IT IS FURTHER ORDERED by the court that execution of sentence be, and the same is hereby, stayed, pending the exhaustion of all proceedings for post-conviction relief before courts of this state, including any appeals.

IT IS FURTHER ORDERED that counsel for the appellant and for the appellee shall notify this court when all proceedings for post-conviction relief before courts of this state have been exhausted.

00–2099.   Cincinnati Bar Assn. v. Clapp & Affiliates Fin. Serv., Inc.

This cause is pending before the court upon movant's motion for an order to show cause why the respondent should not be punished for contempt for not complying with a subpoena *duces tecum.* Upon consideration of the intervening respondent's response to the show cause order entered by this court on June 26, 2001,

IT IS ORDERED by the court that intervening respondent, Robert D. Clapp, is found in contempt.

IT IS FURTHER ORDERED by the court, *sua sponte,* that intervening respondent, Robert D. Clapp, appear in person before this court on October 31, 2001, at 9:45 a.m.

PFEIFER, J., concurs and would also order respondent to pay $500 per day until he fully complies and purges himself.

COOK and LUNDBERG STRATTON, JJ., would find respondent in contempt and order him to pay $500 per day until he purges himself by fully complying.

01–1400.   State ex rel. Johns Manville Internatl., Inc. v. Schindler.

Franklin App. No. 00AP–826. This cause is pending before the court as an appeal from the Court of Appeals for Franklin County. Upon consideration of the joint motion to stay briefing schedule pending settlement in this case pursuant to S.Ct.Prac.R. XIV(6)(C),

IT IS ORDERED by the court that the motion be, and hereby is, granted, and the briefing schedule is stayed. Appellant's brief shall be due by November 1, 2001.